By the Court—
BROWN, C. J.,
delivering the opinion.
The third item of James Freeman’s will is in these words: "My will is, that, if I should die leaving a child or children, all the property which I possess at the time of my death, be equally divided between my children, or given to one, if no more than one.
"Item 4. In the event I die leaving no child or children, then, in that event, I give and bequeath to my brother, Robert Freeman, of Early county, all of my real estate.
"Item 5. In the event I die leaving no child or children, I give and bequeath to my beloved wife,” etc.
These items of this will, taken in connection with the evidence, that the testator had no child at the time he made *the will, leave no doubt on our minds, that in making his will, the testator acted in contemplation of the birth of a child or children to him, during his lifetime, and that it was his intention to make special provision for such child or children. The fact that the only surviving child- was not born at the time of testator’s death, makes no difference. It was born within the ordinary period of gestation, after the death of its father, and its rights are precisely the same as they would have been had it been born before his death.
We think the Court below erred in instructing the jury to find a verdict against the will, on the ground that the testator did not contemplate the birth of a child after he made the will, and did not provide for such child by his will.
Judgment reversed.